IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBRA DIEHL, | : CIVIL ACTION |
| *Plaintiff,* | : No. |
| v. | : |
| | : JURY TRIAL DEMANDED |
| QUALITY LIFE SERVICES | : |
| *Defendant.* | : |

**COMPLAINT**

Plaintiff Debra Diehl ("Diehl") by and through her attorneys, Kraemer, Manes & Associates, LLC, Kayla Drum, Esq. hereby files this Complaint against Defendant, and in support avers as follows:

**I. Nature of the Action**

1. Plaintiff brings this Complaint to recover damages under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, and Disability Discrimination under Pennsylvania Human Relations Act (PHRA) Title 43 P.S. § 955. Plaintiff was terminated due to her disability.

**II. Jurisdiction and Venue**

2. This action arises under The Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 This Court has jurisdiction over Plaintiff's retaliation claim pursuant to 28 U.S.C. § 1331.

3. Plaintiff is a resident and citizen of Pennsylvania, a substantial part of the events or omissions giving rise to the claims occurred in Western Pennsylvania, and, therefore, this

1

action is within the jurisdiction of the United States District Court for the Western District of Pennsylvania and the venue is proper pursuant to 28 U.S.C. § 1391(b).

4. Plaintiff filed a charge with the Equal Employment Opportunity Commission (EEOC), which issued her a right to sue letter on March 14, 2017.

## PARTIES

5. Plaintiff Debra Diehl, an adult female individual, currently resides at 129 Alexander Dr., Irwin, PA 15642.

6. Defendant Quality Life Services is a business located at 612 North Main St., Butler, PA 16001 and employed Diehl at all times relevant hereto.

## FACTS

7. Diehl began working for Defendant on or about April 3, 2012 as a Clinical Reimbursement Specialist.

8. Diehl is disabled in that she suffers from hearing loss since 2007.

9. On November 10, 2015 Diehl felt a "pop" in her right ear and was unable to hear out of her right ear. Diehl's doctor diagnosed her with an ear infection.

10. Diehl's hearing decreased and she continues to suffer from hearing loss.

11. In addition to the hearing loss, Diehl also suffers from sleep apnea.

12. Defendant was aware of Diehl's disabilities.

13. Diehl's sleep apnea did not affect her work or performance.

14. Diehl's immediate supervisor, David Ferraro wanted Diehl to complete a sleep study.

15. Diehl was unable to complete a sleep study as she was nursing her daughter at the time and the sleep center could not accommodate her.

16. Diehl returned from maternity leave in January 2015.

17. On February 10, 2016, Diehl met with Mr. Ferraro and Mr. Ferraro stated that Diehl had been accused of "listening in at people's office doors" and "going into other people's officers to look around."

18. Diehl stated that due to her hearing loss, she sometimes must lean in to hear if anyone is in an office or to be able to hear them say "come in."

19. Mr. Ferraro informed Diehl she was suspended from work pending an investigation into the accusations.

20. On February 12, 2016 Mr. Ferraro contacted Diehl and asked her to report to work on February 15th for a meeting with him.

21. On February 15th Mr. Ferraro told Diehl that they were "making changes in the department" and that he had a separation agreement for Diehl to sign.

22. Diehl again informed Mr. Ferraro that it would be impossible for Diehl to have done what she was accused of due to her disability.

23. Mr. Ferraro told Diehl to clean out her desk and leave the office.

## COUNT I
### American with Disabilities Act (ADA), 42 U.S.C. § 12101
### DISABILITY DISCRIMINATION

24. All preceding paragraphs are hereby incorporated, as if specifically averred herein.

25. The statute prohibits discrimination against employees with physical impairments, and imposes an obligation on employers to make reasonable accommodations for individuals with disabilities.  The statute also protects employees from coercion, intimidation, threats, harassment, or interference with exercising their rights granted by the ADA.

26. Diehl suffers from hearing loss.

27. Diehl was suspended pending investigation into accusations that she was "listening in" at other workers' office doors.

28. Diehl was terminated due to her disability.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment in his favor, and award the following damages against Defendants:

    (A)   Injunctive and declaratory relief;

    (B)   Loss of back wages;

    (C)   Loss of future wages;

    (D)   Punitive damages;

    (E)   Attorney's fees and costs;

    (F)   Pre-judgment and continuing interest; and

    (G)   Other such relief as the Court may deem just and proper

## COUNT II
### Pennsylvania Human Relations Act (PHRA), Title 43 P.S. § 955
### DISABILITY DISCRIMINATION

29. All preceding paragraphs are hereby incorporated, as if specifically averred herein.

30. The statute prohibits discrimination against employees with physical impairments, and imposes an obligation on employers to make reasonable accommodations for individuals with disabilities.  The statute also protects employees from coercion, intimidation, threats, harassment, or interference with exercising their rights granted by the PHRA.

31. Diehl suffers from hearing loss.

32. Diehl was suspended pending investigation into accusations that she was "listening in" at other workers' office doors.

33. Diehl was terminated due to her disability.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment in his favor, and award the following damages against Defendants:

(H)   Injunctive and declaratory relief;

(I)   Loss of back wages;

(J)   Loss of future wages;

(K)   Punitive damages;

(L)   Attorney's fees and costs;

(M)   Pre-judgment and continuing interest; and

(N)   Other such relief as the Court may deem just and proper

WHEREFORE, Plaintiff, Debra Diehl respectfully requests that this Honorable Court enter judgment in his favor and against that of Defendant Quality Life Services and grant Plaintiff the following damages: back pay, front pay as appropriate, compensatory and punitive damages, cost of suit, attorney's fees and any other relief as the court may deem necessary.

**JURY TRIAL DEMANDED**

Respectfully Submitted,

Kayla Drum, Esq.

**KRAEMER, MANES & ASSOCIATES, LLC**
U.S. Steel Tower
600 Grant Street, Suite 4875
Pittsburgh, PA 15219
412.626.5594 (p)

412.637.9233 (f)
kd@lawkm.com